IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM DOUGLAS FULGHUM, *et al.*

*Plaintiffs*,

vs.

Case No. 07-2602-EFM

EMBARQ CORPORATION, *et al.*

*Defendants.*

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Expedited Motion to Defer Class Certification Proceedings (Doc. 62). Also before the Court is Plaintiffs' Rule 56(f) Motion to Deny or Continue Defendants' Motion for Partial Summary Judgment (Doc. 78). For the following reasons, the Court DENIES Defendants' motion and GRANTS Plaintiffs' Motion.

**I. Background**

Plaintiffs assert putative class action claims against Defendants for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Ohio Civil Rights Act, the Oregon Unlawful Discrimination Law, and the Tennessee Human Rights Act.[1]

---

[1]The initial Complaint was filed on December 28, 2007. Plaintiff has since filed two amended complaints, and there currently is a Motion to Amend the Second Amended Complaint pending before the Court. (Doc. 76).

-1-

On December 20, 2008, this Court issued a Memorandum and Order dismissing Plaintiffs' claims for declaratory relief under ERISA Section 502(a)(3) (part of Count III) and Plaintiffs' ADEA claims regarding medical and prescription drug benefits (part of Count IV). All other claims remained in the case.

On January 29, 2009, Plaintiffs filed a Motion to Certify Class and a Motion to Certify a Collective Action.[2] A Scheduling Order was entered on February 6, 2009.[3] In that Order, Magistrate Judge O'Hara established certain deadlines, including Defendants' response time to the pending motions for class action certification and collective action for March 2, 2009. The court also declined to adopt Defendants' proposal for discovery.[4] The court stated, however, that discovery should proceed "[m]indful that defendants are free to file a relatively early motion for partial summary judgment at *any* time if they believe certain ruling on key legal issues by Judge Melgren will streamline discovery and trial in this case."[5]

On February 24, 2009, Defendants filed an Expedited Motion to Defer Class Certification Proceedings. Defendants also filed a Motion for Partial Summary Judgment[6] on March 2, 2009 to

---

[2] Doc. 55 and Doc. 57.

[3] Doc. 59.

[4] Defendants' proposal provided that the parties would engage in a two-part discovery process in which the first phase was targeted to identify the applicable ERISA plans. At that time, Defendants would file a motion for summary judgment on the basis that the plan language was unambiguous. If the Court should then find that the Plan language was ambiguous and Defendants were not entitled to summary judgment, further discovery would ensue as to extrinsic evidence.

[5] Doc. 59, p.5 (emphasis in original.) The Court also stated "that, at least for now, discovery should proceed on all fronts, essentially for the reasons argued by plaintiff." Those reasons included that it would be improper and inefficient to bifurcate discovery because it would needlessly delay the overall discovery program and would require the court to evaluate two rounds of summary judgment motions, the first time relating to the documents themselves, and the second time on a record that included extrinsic evidence.

[6] Doc. 67.

which Plaintiffs filed a Motion to Continue or Deny Motion for Partial Summary Judgment.[7]

## II. Discussion

### *Class Certification*

Defendants assert that the Court should defer class certification proceedings until the Court has ruled on Defendants' Motion for Partial Summary Judgment because if the Court grants the Summary Judgment motion, it would dispose of all claims, with the exception of one, in the Second Amended Complaint. Defendants assert that by following the approach they propose, the parties will save time, effort, and money, and the Court will conserve judicial resources.[8]

Plaintiffs assert that Defendants' motion is contrary to the agreed schedule and local rules. In addition, Plaintiffs state that Defendants' motion is contrary to D. Kan. Rule 23.1(b) which calls for early presentation of class certification motions. Plaintiffs contend that they are entitled to learn sooner, rather than later, whether the action will be proceeding as a class action.

Pursuant to D. Kan. Rule 23.1(b):

> Within 90 days after filing the filing of a complaint in a class action, unless the period is extended by court order, the plaintiff shall file a separate motion for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case may be maintained as a class action. . . . In ruling upon such a motion, the court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances.

---

[7] Doc. 78. Plaintiffs also filed a response to Defendants' Motion for Partial Summary Judgment. Doc. 82.

[8] Defendants assert that by granting this Motion, the Court will only need to consider three briefs instead of nine briefs. However, due to Defendants' Expedited Motion, the Court is still considering nine briefs (six relating to procedural issues), and if the Defendant's Motion for Summary Judgment is not granted, the Court will have to consider an additional six briefs. Accordingly, it does not appear to be a conservation of the Court's judicial resources.

Fed. R. Civ. P. 23(c)(1) states "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The Tenth Circuit "interprets Rule 23(c)(1) to require the trial court to 'take up class action status' in a timely manner 'whether requested to do so or not by a party or parties, where it is an element of the case.'"[9]

Defendants assert that is has long been the rule in this Circuit that the "timing for the class determination can differ depending upon the circumstances of the case." However, the Tenth Circuit has repeatedly interpreted Fed. R. Civ. P. 23(c)(1) to require an early determination on class certification. Indeed, the Tenth Circuit has stated "[p]art of the rationale for early class status determination lies in the need for timely notice to be given to interested parties under other provisions of Rule 23."[10]

This case was filed in December of 2007. Over a year and a half has passed, and Plaintiffs attempted to certify the class in January of 2009. The Court makes no determination as to whether Plaintiffs will be able to certify the class, but finds that class action certification proceedings should go forward. Delaying the briefing of class action certification does not appear to advance the interests of the case.

### *Rule 56(f) Motion*

Plaintiffs assert that the Court should deny or continue Defendants' Motion for Partial Summary Judgment because Defendants have: (1) failed to include all of, and the correct, plan documents and summary plan descriptions ("SPD's") for the plans which govern the benefits of

---

[9] *Trevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir. 2006) (citing *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 274 (10th Cir. 1977)).

[10] *Horn*, 555 F.2d at 274.

many of the plaintiffs; (2) failed to make clear which plans they did provide are applicable to which plaintiffs; and (3) failed to include documents required to be considered in conjunction with the SPDs, including collective bargaining agreements and other evidence bearing on the question whether the defendants modified their plans. Plaintiffs contend that they have been denied discovery of the documents they need to compile a proper record and fully respond to the motion.

Defendants contend that Plaintiffs have not identified facts that may be obtained in discovery that are essential to oppose Defendants' motion, that Plaintiffs' proposed discovery of extrinsic evidence has no bearing on Defendants' motion for partial summary judgment, and Plaintiffs have not identified any discovery relevant to their age discrimination claims.

Under Fed. R. Civ. P. 56(f), the court may deny or continue a motion for summary judgment to allow additional discovery if the nonmoving party states by affidavit that it needs additional time to present facts opposing the motion.[11]  It is within the court's discretion whether to grant a Rule 56(f) motion.[12]  "The general principle of Rule 56(f) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[13] Fed. R. Civ. P. 56(f) states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

---

[11]*Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000); *see also Kickapoo Tribe of Indians v. Knight*, 2007 WL 1560310, at *1 (D. Kan. May 30, 2007).

[12]*Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008).

[13]*Price*, 232 F.3d at 783 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).

To obtain Rule 56(f) relief, the nonmoving party must satisfy several requirements. The nonmoving party must explain by affidavit: "(1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts."[14]

Here, one of Plaintiffs' attorneys, Alan Sandals, filed an affidavit asserting that facts precluding summary judgment are unavailable because Defendants are in possession of the information, including SPD's that govern retired employees, rather than current employees, and a "Grand-fathered Life Insurance Plan" applicable to CT&T retirees. Mr. Sandals states that discovery is ongoing between Plaintiffs and Defendants as to the relevant and applicable plan descriptions and SPD's and that before the Court can decide Defendants' motion, it must have the correct documents relevant to the plans covering all of the retirees.[15] In addition, Mr. Sandals states that Plaintiffs have requested documents relating to the history of the various insurance vehicles to fulfill Defendants' retiree life insurance benefit obligations.

The Court finds that Plaintiffs are unable to present facts precluding summary judgment because it appears that Plaintiffs do not know what plans are applicable to each Plaintiff. There does not appear to be consensus as to whether the plans and documents produced by Defendants and attached to their Motion for Partial Summary Judgment are the plans governing the retiree Plaintiffs because Plaintiffs assert that other plans govern these retirees. Although Defendants contend that

---

[14]*Kickapoo Tribe*, 2007 WL 1560310, at *1 (citations omitted).

[15]While the Court is not convinced that Defendants must produce *all* plan documents and SPD's for *all* retirees, Plaintiffs must have the applicable plan documents and SPD's governing the named Plaintiff retirees in Defendants' motion. If those plans have not been produced, the Court cannot make a determination as to whether the Plan language is ambiguous. .

Plaintiffs' request is an impermissible fishing expedition, the Court cannot so find. Plaintiffs are entitled to know which plans and SPD's govern their claims.

In addition, it appears that no meaningful discovery has taken place as to the governing plans and SPD's.[16] Plaintiffs have demonstrated that they have attempted or are attempting to establish the applicable plan documents. In sum, the Court finds that Plaintiffs are seeking to invoke "the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition."[17]

**IT IS ACCORDINGLY ORDERED** this 25th day of August, 2009 that Defendants' Expedited Motion to Defer Class Action Proceedings (Doc. 62) is hereby DENIED. Defendants are directed to file their responses to Plaintiffs' pending motions for class action certification and collective action on or before September 22, 2009, and Plaintiffs are directed to file their replies on or before October 20, 2009.

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) Motion to Deny or Continue Defendants' Motion for Partial Summary Judgment (Doc. 78) is GRANTED.

---

[16] The Court notes that while Defendants assert that most plan documents were produced over a year ago, the remainder of the Plan documents and SPD's were not produced until *after* Defendants filed their motion for summary judgment. Furthermore, additional documents were produced five days before Plaintiffs' response to Defendants' motion was due. In addition, Plaintiffs have pointed out that Defendants recently agreed to produce additional documents relating to the named Plaintiffs. *See* Doc. 92, pp. 6-7, n. 1.

[17] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). In addition, Plaintiffs have filed a motion to amend their complaint which proposes to add additional plaintiffs as class representatives. The Court expresses no opinion as to the outcome of that motion but notes that should the motion be granted, it appears that additional plans may likely be relevant.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 67) is denied without prejudice.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE