IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM DOUGLAS FULGHUM, et al.,      )
                                      )
                Plaintiffs,           )
                                      )
v.                                    )      Case No. 07-2602-EFM
                                      )
EMBARQ CORPORATION, et al.,           )
                                      )
                Defendants.           )

## ORDER

The plaintiffs in this case—more than 700 retirees—have alleged that the defendants
have improperly discontinued their retirement benefits under the Employee Retirement
Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  Plaintiffs are also
alleging age discrimination in violation of the Age Discrimination in Employment Act
("ADEA"), as well as under Tennessee, Oregon, and Ohio state law.  The matter is currently
before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' motions to
amend the second amended complaint and to extend the deadline to file amendments to the
pleadings (**docs. 76 and 96**).  For the reasons explained below, plaintiffs' motion for leave
to amend their second amended complaint is granted.  Plaintiffs' motion for extension of the
deadline to file additional amendments is denied.

I.  Motion for Leave to Amend

A.  Background

Ten individuals (the ERISA plaintiffs) filed suit on behalf of themselves and others

similarly situated alleging that defendants had eliminated their company-paid medical, prescription drug, and life insurance benefits under ERISA.  The complaint was later amended to include the individual age-discrimination claims of approximately 750 additional plaintiffs.[1]  The 10 original ERISA plaintiffs are designated as class representatives for the putative class, which consists of:

> All persons, including all plan participants and all eligible spouse and dependent plan beneficiaries, whose rights to medical, prescription drug, and/or life insurance benefits or premium subsidies have been adversely affected by the terminations, reductions and changes in retiree benefits which were announced (1) by Defendant Sprint Nextel Corporation in or about November 2005, and (2) by Defendant Embarq Corporation on July 26, 2007.[2]

The individual age-discrimination plaintiffs are designated as putative class members.[3]  Plaintiffs have sought class certification for their ERISA claims as well as approval of a collective action under the ADEA, but those motions have not yet been decided.[4]

---

[1]Docs. 1 and 14.  The complaint was amended a second time to include one additional individual age-discrimination plaintiff.  Doc. 42.  This is the second amended complaint that plaintiffs now seek to amend.

[2]Doc. 42 at 35.  The ERISA plaintiffs are William Fulghum, Dorsey Daniel, John Hollingsworth, Willie Dorman, Robert King, Calvin Joyner, Timothy Dillon, Sue Barnes, William Games, and Betsy Bullock.  Doc. 48 at 38.

[3]Doc. 42 at 19.

[4]Docs. 55 and 57.  With regard to plaintiffs' ADEA claim, the proposed collective action was for "[a]ll persons, including all plan participants and all eligible spouse and dependent plan beneficiaries, whose rights to life insurance benefits or premium subsidies" were terminated or adversely affected by defendants.  Doc. 57 at 1.  This is because plaintiffs' ADEA claims regarding medical and prescription drug benefits were dismissed

B.  Analysis

Plaintiffs are now asking for leave to amend their second amended complaint (doc. 42).  Specifically, plaintiffs seek (1) to designate as additional class representatives five existing individual age-discrimination plaintiffs; (2) to substitute Wanda Shipley for existing plaintiff Lewis Sams as a sub-class representative for the Tennessee state-law age-discrimination claim; and (3) to correct typographical errors in the names of two individual age-discrimination plaintiffs.[5]  Defendants do not oppose plaintiffs' motion with regard to the second and third proposed changes, but they do oppose plaintiffs' attempt to designate additional class representatives.[6]

The class representatives currently designated all apparently retired between 1993 and 2003.[7]  This has caused a dispute between the parties as to whether anything from before 1993 is relevant in this case.  Plaintiffs claim that defendants' partial motion for summary judgment attempted to limit the ERISA class to those individuals who retired between 1993 and 2003, even though members of the putative class, including some of the named individual age-discrimination plaintiffs, retired before 1993.  Thus, plaintiffs are now seeking leave to amend their complaint to designate as class representatives five of the

---

by U.S. District Judge Kathryn H. Vratil.  Doc. 45 at 29.  The presiding U.S. District Judge assignment in this case has been transferred to Hon. Eric F. Melgren.

[5]Doc. 76 at 1.

[6]Doc. 89 at 6.

[7]Doc. 42 at 15-17.

existing individual age-discrimination plaintiffs who retired before 1993 to ensure the scope of the class is properly represented.[8]

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the court to "freely give leave when justice so requires." Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[9] Defendants oppose plaintiffs' request to amend their complaint because they claim plaintiffs have unduly delayed seeking amendment in an attempt to sidestep an adverse summary-judgment ruling and because allowing amendment would unduly prejudice defendants by expanding the scope of discovery.[10]

Defendants concede that plaintiffs' motion to amend was filed within the time set for such motions in the scheduling order, which was June 30, 2009.[11] Plaintiffs filed the instant motion on April 7, 2009—well before that deadline. Despite the fact that plaintiffs' motion

---

[8]The proposed additional class representatives are plaintiffs Donald Clark, Curtis Pittman, James Britt, Laudie McLaurin, and John Burgess. Doc. 76 at 3. These five are already named as individual age-discrimination plaintiffs. Doc. 42 at 19-24.

[9]*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[10]Doc. 89.

[11]Doc. 59 at 3.

was timely filed under the scheduling order, defendants nonetheless argue that the motion should be denied because it was unduly delayed until after defendants filed a motion for summary judgment, even though plaintiffs were aware that defendants were attempting to limit the applicable time period in the case as early as the filing of defendants' motion to dismiss.

It's true that in arguing for dismissal defendants relied on benefits plan summaries from 1993 through 2003. However, defendants' motion to dismiss was denied in part because Judge Vratil determined that "the record is insufficiently developed to determine which plan documents may apply to which plaintiffs, or whether all applicable plan documents are before the Court."[12] This ruling indicates, at least in part, that defendants' limited view of the scope of this case was not a settled matter.

It wasn't until defendants' summary-judgment motion again referenced almost exclusively evidence from 1993 through 2003 that plaintiffs sought amendment to clarify the scope of the putative class. Defendants repeatedly characterize plaintiffs' motion to amend as an attempt to dodge an adverse ruling on summary judgment, but notably they don't explain how amending the complaint as plaintiffs requested would have accomplished that. Further, the effect of plaintiffs' motion to amend on defendants' summary-judgment motion is no longer of any concern because Judge Melgren recently granted plaintiffs' motion under Fed. R. Civ. P. 56(f) to deny or continue defendants' motion for partial

---

[12]Doc. 45 at 13, n. 9.

summary judgment pending additional discovery.[13]

Defendants also argue that allowing plaintiffs to amend their complaint to designate existing individual age-discrimination plaintiffs as additional class representatives would be unduly prejudicial because it would more than double the relevant time period at issue and greatly expand the scope of discovery. Defendants have proceeded on the theory that the only ERISA claims at issue are those of the named class representatives. But plaintiffs' complaint has always indicated that this case was being pursued as a class action on behalf of "[a]ll persons . . . whose rights to medical, prescription drug, and/or life insurance benefits or premium subsidies have been adversely affected" by defendants' actions.[14] Further, the five individuals that plaintiffs seek to add as additional class representatives are already named as individual age-discrimination plaintiffs and class members in the complaint, and in the event a class is not certified, plaintiffs have indicated that they will plead their cases individually.[15]

Increasing the list of class representatives from ten to fifteen would not unduly prejudice defendants when defendants have been on notice from the start that plaintiffs were seeking to bring this action as a class action on behalf of "[a]ll persons" adversely affected by defendants' actions. This is not a situation where plaintiffs are attempting to join parties

---

[13]Doc. 104.

[14]Doc. 42 at 35; doc. 1 at 16.

[15]Doc. 42 at 39.

who previously had no connection to this case.  Plaintiffs only seek to add additional class representatives from the existing list of individual age-discrimination plaintiffs.  Under these facts, it would not be unduly prejudicial to defendants to allow plaintiffs to so amend their complaint.  Accordingly, plaintiffs' motion to amend the second amended complaint is granted.

## II.  Motion for Extension of Deadline for Seeking Additional Amendments to the Pleadings

Plaintiffs have also filed a motion for extension of time to file amendments to the complaint (doc. 96).  This motion was filed on June 30, 2009—the date set in the scheduling order as the deadline for motions to join additional parties or otherwise amend the pleadings.[16]  Plaintiffs have asked for an extension of this deadline to file amended pleadings because they claim to have had difficulty eliciting discovery from defendants and thus were not able to determine whether further amendments of their complaint were warranted before the deadline expired on June 30, 2009.  Notably, plaintiffs are not arguing that an extension of the deadline is needed because they plan to seek an additional amendment.  They simply want the option left open.

As noted above, after responsive pleadings have been filed, leave to amend is granted as justice so requires so long as there is no showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to

---

[16]Doc. 59 at 3.

the opposing party, or futility of amendment.[17]  When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause is established upon a showing that the scheduling order deadline for amending the complaint could not have been met even if the requesting party had acted with due diligence.[18]

Accordingly, there is a procedure in place for seeking leave to amend pleadings after the deadline set in the scheduling order has passed.  If, upon further discovery, plaintiffs believe it is necessary to amend their complaint again, they may at that time request leave to do so provided they can demonstrate the requisite good cause under Rule 16(b)(4).  But the court is not inclined to grant a preemptive extension of the deadline when the need has yet to arise.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.  Plaintiffs' motion to amend the second amended complaint (doc. 76) is granted.

2.  Plaintiffs' motion for extension of deadline to file amendments to their complaint (doc. 96) is denied.

---

[17]*Castleglen*, 984 F.2d at 1585.

[18]*Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\07-2602-EFM-76, 96.wpd

9