# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM DOUGLAS FULGHUM, *et al.* *Plaintiffs*, vs. EMBARQ CORPORATION, *et al.* *Defendants.* | Case No. 07-2602-EFM |

**MEMORANDUM AND ORDER**

Plaintiffs assert putative class action claims against Defendants for alleged violations of the Employee Retirement Income Security Act ("ERISA"), the Age Discrimination in Employment Act ("ADEA"), the Ohio Civil Rights Act, the Oregon Unlawful Discrimination Law, and the Tennessee Human Rights Act.

Before the Court is Defendants' Motion to Dismiss the Fourth, Fifth, Sixth, and Seventh claims for Relief in the Third Amended Complaint (Doc. 109).[1] For the following reasons, the Court denies Defendants' Motion to Dismiss.

**I. Procedural Background**

The original complaint was filed on December 28, 2007, and Plaintiffs' First Amended Complaint was filed on March 31, 2008. Defendants filed a Motion to Dismiss all but one count.

---

[1] Also before the Court is Plaintiffs' Motion to Certify Collective Action (Doc. 129) and Plaintiffs' Motion to Certify Class (Doc. 127). These motions will be addressed in a separate Order.

While Defendants' Motion to Dismiss was pending, Plaintiffs filed a Second Amended Complaint. The parties agreed that Defendants' Motion to Dismiss was applicable to Plaintiffs' Second Amended Complaint.

On December 2, 2008, the Court issued a Memorandum and Order dismissing Plaintiffs' claims for declaratory relief under ERISA Section 502(a)(3) (part of Count III) and Plaintiffs' ADEA claims regarding medical and prescription drug benefits (part of Count IV). With respect to Plaintiffs' life insurance benefit claim under the ADEA, the Court allowed it to go forward.

On January 29, 2009, Plaintiffs filed a Motion to Certify Class and a Motion to Certify a Collective Action. On February 24, 2009, Defendants filed an Expedited Motion to Defer Class Certification Proceedings. Defendants also filed a Motion for Partial Summary Judgment on March 2, 2009 for which they sought judgment on Plaintiffs' first, third, fourth, fifth, sixth, and seventh claims for relief. On April 7, 2009, Plaintiffs filed a response to Defendants' Motion for Partial Summary Judgment. They also filed a Motion under Rule 56(f) to Continue or Deny Motion for Partial Summary Judgment asserting that additional discovery was necessary before they could respond to Defendants' motion. On the same date, they filed a Motion to Amend the Second Complaint to designate additional class representatives, substitute one class representative, and to correct misnomers.

In August, 2009, the Court denied Defendants' Motion to Defer Class Certification Proceedings, granted Plaintiffs' Rule 56(f) motion, accordingly denying Defendants' Motion for Summary Judgment without prejudice. The Court directed the parties to brief the class certification issues by October 20, 2009. The parties did so.

On September 24, 2009, the Court granted Plaintiffs' Motion to Amend their Second Complaint. In October, Defendants then filed a Motion to Dismiss the fourth, fifth, sixth, and seventh claims for relief in Plaintiffs' Third Amended Complaint.[2] On November 12, 2009, Plaintiffs filed their Third Amended Complaint. In December, 2009, the Court found the parties' certification briefing moot due to the Third Amended Complaint being filed and directed the parties to rebrief the issue with respect to the Third Amended Complaint.

## II. Analysis

### *Legal Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[3] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[6] All well pleaded facts in the complaint are assumed to be true and

---

[2] The Motion to Dismiss addressed the allegations in the Third Amended Complaint even though the Complaint was not filed until November.

[3] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[6] *Iqbal*, 129 S.Ct. at 1950.

are viewed in the light most favorable to the plaintiff.[7] Allegations that merely state legal conclusions, however, need not be accepted as true.[8]

*Discussion*

Plaintiffs filed an ADEA claim alleging discrimination with respect to the cancellation of retiree health and prescription benefits as soon as the retirees turned 65 and with respect to the reduction and elimination of life insurance benefits of retirees. As noted above, the Court previously dismissed Plaintiffs' claim with respect to medical and prescription drug benefits on the basis that it failed as a matter of law.[9] The Court found that the EEOC rule adopted in 2007, 29 C.F.R. § 1625.32(b), specifically exempts from ADEA prohibitions "the coordination of retiree health benefits with Medicare or a comparable State health benefit plan." Although Plaintiffs asserted that the rule was invalid, the Court found otherwise based on the Third Circuit Court of Appeals reasoning in *AARP v. EEOC*.[10] As such, the Court dismissed Plaintiffs' ADEA claim with respect to medical and prescription drug benefits.

The Court, however, did not dismiss Plaintiffs' ADEA claim with respect to life insurance benefits. Defendants had argued that Plaintiff's ADEA claim must fail because Plaintiff did not allege that Defendants terminated or reduced their benefits because of age. The Court found that there were sufficient allegations that because of age Defendants terminated their life insurance benefits in violation of the ADEA prohibition against intentional and disparate impact age

---

[7] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] Doc. 45; *see also Fulghum v. Embarq Corp.*, 2008 WL 5109781 (D. Kan. Dec. 2, 2008).

[10] 489 F.3d 558 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 1733 (2008).

discrimination. In a footnote, the Court stated that "[d]efendants do not argue that plaintiffs have insufficiently alleged the prima facie elements of intentional or disparate impact age discrimination. The Court has made no determinations in this regard."

Defendants have filed another motion to dismiss. They now argue that Plaintiffs have failed to set out a viable disparate impact claim under the ADEA with respect to life insurance benefits because (1) they have filed to identify a specific employment policy or practice that can form the basis for an ADEA disparate impact claim; (2) the plan amendment fits within the ADEA's and EEOC's exemption for the elimination of life insurance benefits; (3) the plan amendment fits within the OWBPA's safe harbor provision; (4) even if Defendants' conduct does not fall within a safe harbor provision, the plan still does not violate the ADEA because it was based on a reasonable factor other than age; and (5) Plaintiffs have failed to allege an "adverse impact" that falls within the scope of the ADEA statute and have not alleged a causal connection between the alleged adverse impact and Defendants' actions.[11]

This is the third time Defendants have filed a motion relating to the ADEA and state law age discrimination claims. The Court believes that resolution of the issues requires more than looking at the face of the Complaint. At the motion to dismiss stage, the Court must construe all facts in the light most favorable to Plaintiff and take all facts as true.

In addition, as the Court previously noted in its order denying Defendants' motion for summary judgment without prejudice, Plaintiffs presented evidence that sufficient facts were unavailable to Plaintiffs to respond to Defendants' motion for summary judgment. This precluded

---

[11]This last assertion was only raised in Defendants' reply as they contend that Plaintiffs clarified in their response that the disparate impact is that life insurance is more expensive or unavailable to older retirees on the open market.

the entry of summary judgment in Defendants' favor. At that time, the Court believed that the parties would engage in further discovery, and a summary judgment motion would be presented at the appropriate time. Instead, the Court is considering an additional motion to dismiss.[12] This case has been pending for three years, and the Court cannot conclude from the briefing and the Third Amended Complaint that Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6). As such, Defendants' motion to dismiss is denied.

**IT IS THEREFORE ORDERED** this 2nd day of July, 2010 that Defendants' Motion to Dismiss the Fourth, Fifth, Sixth, and Seventh Claims (Doc. 109) is hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12]Defendants did not raise most of these arguments in their previous motion to dismiss.