# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM DOUGLAS FULGHUM, *et al.*<br><br>*Plaintiffs*,<br><br>vs.<br><br>EMBARQ CORPORATION, *et al.*<br><br>*Defendants.* | Case No. 07-2602-EFM |

**MEMORANDUM AND ORDER**

Plaintiffs assert putative class action claims against Defendants for alleged violations of the Employee Retirement Income Security Act ("ERISA"), the Age Discrimination in Employment Act ("ADEA"), the Ohio Civil Rights Act, the Oregon Unlawful Discrimination Law, and the Tennessee Human Rights Act.

Before the Court is Plaintiffs' Motion to Certify Class (Doc. 127) and Plaintiffs' Motion to Certify Collective Action (Doc. 129). For the following reasons, the Court grants in part and denies in part Plaintiffs' Motion to Certify Class and grants Plaintiffs' Motion to Certify Collective Action.

## I. Background

The factual background is set forth in this Court's previous Order of July 28, 2010 and will not be repeated here.[1] Procedurally, Plaintiffs filed a Motion to Certify Class (127) and a Motion

---

[1]Doc. 156.

to Certify Collective Action (129). In this Court's previous Order, we reserved ruling on Plaintiffs' motions until after a hearing had been held and the parties addressed certain issues set forth in the Court's previous Order. A hearing was held on September 8, 2010. In addition, the parties filed supplemental briefing. The supplemental briefing is complete,[2] and the Court will now rule on Plaintiffs' class certification motions.

## II. Analysis

In Plaintiffs' first motion (Doc. 127), Plaintiffs seek to certify a class on claims of restoration of benefits (Counts I, III) and on their state age discrimination claims in Oregon, Ohio, and Tennessee (Counts V, VI, and VII). They also seek to certify specific issues with respect to Count II, their breach of fiduciary duty claim. In Plaintiffs' second motion (Doc. 129), Plaintiffs seek to certify a collective action with respect to their fourth claim, the ADEA claim.

### A. Plaintiffs' Motion to Certify Class (Doc. 127)

Rule 23 of the Federal Rules of Civil Procedure governs class action certification. "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."[3] "[A]t the class certification stage a district court must generally accept the substantive, non-conclusory allegations of the complaint as true."[4] Although the merits of a claim are not the "focal point," "the merits of the claims at bar may be intertwined with the proper consideration of

---

[2]Defendants also filed a Motion for Leave to File a Second Supplemental Brief in Opposition to Class Certification (Doc. 183), and Plaintiffs filed a "Notice of Supplemental Authority" directing the Court's attention to a recent District of Kansas case. (Doc. 190).

[3]*DG ex rel. Stricklin v. DeVaughn*, 594 F.3d 1188, 1194 (10th. Cir. 2010) (citations and internal quotations omitted).

[4]*Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009) (citations omitted).

other issues germane to whether the case should be certified as a class action."[5] The Court must conduct a rigorous analysis to ensure that Rule 23's requirements are met.[6] "Courts should err on the side of class certification because they have broad discretion to later redefine (or even decertify) the class if necessary."[7] The party seeking class certification has the burden to demonstrate that the class meets the requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3).[8]

The Court previously found in its July Order that Plaintiffs met the Rule 23(a) requirement for claims I, III, V, VI, and VII.[9] We reserved ruling on the certification of these five claims, however, as to whether Plaintiffs met the requirements of Rule 23(b). With respect to Plaintiffs' Count II, we reserved ruling as to whether Plaintiffs met the requirements of both Rule 23(a) and (b).

### *Class Certification as to Counts I and III*

In addition to meeting Rule 23(a) requirements, Plaintiffs must demonstrate that the class satisfies either Rule 23(b)(1), (2), or (3). With respect to counts I and III, the Court finds that certification is appropriate under Rule 23(b)(1) for the reasons stated on the record during the hearing. As such, the Court grants Plaintiff's motion for certification as to these two counts.

---

[5]*Id.* at 1266 (citations and internal quotations omitted).

[6]*Id.* at 1267 (citations omitted).

[7]*Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 670 (D. Kan. 2008) (citations omitted).

[8]*Stricklin*, 594 F.3d at 1194.

[9]"Rule 23(a) requires numerosity of class members, commonality of at least one question of fact or law among the class, typicality of named plaintiffs' claims or defenses to the class's claims or defenses, and adequacy of the named plaintiffs and their attorneys as class representatives." *Id.* (citing Fed. R. Civ. P. 23(a)(1)-(4)).

### *Class Certification as to Counts V, VI, and VII*

Counts V, VI, and VII are Plaintiffs' state law age discrimination claims.[10] The Court requested additional briefing as to the propriety of an overlapping opt-in and opt-out action based on identical underlying factual circumstances. That issue, however, is over the conflict of a Rule 23(b)(3) class, an opt-out class, and the ADEA class, an opt-in class.

During the hearing, the Court determined that certification of these three counts was appropriate under Rule 23(b)(1) or (2).[11] A class action under Rule 23(b)(1) and (2) is mandatory with no ability to opt-out.[12] As such, because the class will be certified under these provisions, the concern with a simultaneous conflicting opt-out and opt-in class on the same substantive basis is alleviated.[13] Accordingly, the Court grants Plaintiffs' motion for certification as to these three counts.

### *Issue Certification as to Count II*

Count II is Plaintiffs' breach of fiduciary duty claim. Pursuant to Rule 23(c)(4), the Court may certify a class as to particular issues. The purpose of this rule is to promote judicial economy by litigating common issues of the class.[14] "Certification is improper if noncommon issues are inextricably entangled with common issues or . . . the noncommon issues are too unwieldy or

---

[10]These are brought under Ohio, Oregon, and Tennessee law.

[11]The Court will not provide in detail those reasons here as they are in the record; but, during the hearing, Plaintiffs indicated that they primarily seek injunctive relief, rather than monetary relief, and the monetary damages are incidental making certification appropriate under 23(b)(2).

[12]*Pelt v. Utah*, 539 F.3d 1271, 1285 (10th Cir. 2008).

[13]Although there may be concerns with a "mandatory" class and an opt-in class, those issues have not been briefed.

[14]*In re Motor Fuel Temperature Sales Practices Litigation*, --- F.R.D. ---, 2010 WL 2160889, at *12 & n. 31 (D. Kan. 2010); *see also Wyandotte Nation v. City of Kansas City, Kansas,* 2002 WL 31941041, at *5 (D. Kan. Dec. 2, 2002) (citation omitted).

predominant to be handled adequately on a class action basis."[15] "[T]he relevant inquiry under Rule 23(c)(4)(A) is whether resolution of the particular common issues 'would materially advance the disposition of the litigation as a whole.'"[16] "For particular issues to be certified pursuant to Rule 23(c)(4), the requirements of Rule 23(a) and (b) must be satisfied only with respect to those issues."[17]

The elements of Plaintiffs' breach of fiduciary duty claim include: "(1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation."[18] Plaintiffs seek certification of the first three elements of their breach of fiduciary claim, as well as the fourth to the extent that a presumption of reliance is available.

In this Court's prior Order, we expressed concern that there appeared to be numerous individualized inquiries as to the alleged misrepresentations or omissions occurring over a period of thirty years to potentially more than 10,000 class members. During the hearing, Plaintiffs asserted that they would limit themselves to a defined universe of documents. In Plaintiffs' briefing, they assert that they seek ruling on no more than thirty documents; however, Plaintiffs cannot

---

[15]*Emig v. Am. Tobacco Co., Inc.*, 184 F.R.D. 379, 395 (D. Kan. 1998) (citation omitted) (addressing the former subsection).

[16]*Id.* (citing *Harding v. Tambrands Inc.*, 165 F.R.D. 623, 632 (D. Kan. 1996)).

[17]*Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 269 F.R.D. 252, 256 (S.D.N.Y. 2010) (citing 5 Moore's Fed. Prac. § 23.86[2]).

[18]*Randles v. Galichia Med. Group, P.A.*, 2006 WL 3760251, at *13 (D. Kan. Dec. 18, 2006) (citing *Romero v. Allstate Corp.*, 404 F.3d 212, 226 (3d Cir. 2005)); *see also Kerber v. Qwest Group Life Ins. Plan*, 2009 WL 807443, at *5 (D. Colo. Mar. 25, 2009) (citations omitted) (stating that the Tenth Circuit has not stated a test for analyzing a breach of fiduciary duty for misrepresentations, but the Third Circuit has articulated a clear test).

identify the documents they will seek for class-wide determination.[19]

This case has been pending for quite some time and has progressed into discovery. Discovery does not seem to be narrowing the corporate-wide communications but rather demonstrating that they are moving targets. In addition, it appears that Plaintiffs will be relying on numerous communications, as well as alleged oral communications, other than the limited thirty communications to support this claim.[20] Because these individualized inquiries are intertwined with any common issues, Plaintiffs cannot meet the commonality or typicality requirement of Rule 23(a). In addition, certification of these three elements of a breach of fiduciary claim, while leaving the fourth element to be decided on an individual basis, would not materially advance the disposition of the case for purposes of Rule 23(c). Accordingly, Plaintiffs' motion to certify issues with respect to Count II is denied.

### *B. Plaintiff's Motion to Certify Collective Action (Doc. 129)*

### *Class Definition*

The Court previously found that Plaintiffs demonstrated they were "similarly situated" for purposes of collective action certification under Section 216(b) of the Fair Labor Standards Act. However, Plaintiffs had not proposed an appropriate class definition, and the Court directed the parties to propose an appropriate class definition.

---

[19]Plaintiffs assert that if they identify more than 30 documents of a mass communication nature, they will be bound by their stated limit and will have to choose from the larger number of candidate documents. Plaintiffs contend that documents not included will not be subject to class determination on their breach of fiduciary duty claim, but they would be presented at any subsequent individual, detrimental reliance proceedings on their breach of fiduciary duty claim.

[20]This is particularly true for the detrimental reliance aspect of the claim. Although the Court recognizes that Plaintiffs are not requesting certification of that "issue," there are still problems with individualized inquiries predominating common questions. In addition, the Court cannot conceive how it will certify a class (with respect to certain documents) for a breach of fiduciary duty claim when the documents have not even been identified.

Prior to the hearing of September 8, 2010, Plaintiffs filed a supplemental memorandum and attached a proposed form of class notice.[21] The Court finds Plaintiffs have appropriately defined the class in their proposed form of class notice.[22] As to which individuals are similarly situated at the notice stage, the Court finds that only those individuals who could have filed a timely EEOC charge at the time the representative plaintiff actually filed his charge as to the termination or reduction of his life insurance benefits are eligible to join as opt-in plaintiffs.[23] Accordingly, the Court grants Plaintiffs' motion to certify a collective action.

The parties are directed to meet and confer concerning the proposed notice and should submit a joint proposed notice within (14) days of this order.

**IT IS ACCORDINGLY ORDERED** that Plaintiffs' Motion to Certify Class (Doc. 127) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Certify Collective Action (Doc. 129) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Supplemental Brief and Memorandum (Doc. 183) is **DENIED**.

---

[21]Doc. 163-4.

[22]While the Court finds that the proposed ADEA class definition is appropriate in the proposed class notice, it does not adopt the entire proposed class notice as changes will need to be made to it after issuance of this order.

[23]This is accordance with the Tenth Circuit's decision in *Thiessen v. Gen. Elec. Capital Corp*, 267 F.3d 1095, 1109-11 (10th Cir. 2001).

**IT IS SO ORDERED.**

Dated this 4th day of January, 2011.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE