IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM DOUGLAS FULGHUM, et al., )
)
Plaintiffs, )
)
v. ) Case No. 07-2602-EFM
)
EMBARQ CORPORATION, et al., )
)
Defendants. )

# ORDER

On December 21, 2010, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order (doc. 197) granting defendants' motion to compel. In response to defendants' request for fees associated with bringing the motion, the court instructed defendants to provide an accounting of its reasonable expenses incurred in making the motion. Defendants have filed their accounting (doc. 198), and plaintiffs have responded, arguing that their objections were substantially justified and certain circumstances make an award of expenses unjust (doc. 200).

Payment of expenses incurred in bringing a motion to compel is governed in part by Fed. R. Civ. P. 37(a)(5)(A), which provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Whether to impose fees is a matter within the court's discretion.[1] The court notes that, in this case, there is no allegation that defendants' motion to compel was filed before attempting in good faith to confer. And plaintiffs do not challenge any of the time entries submitted by defendants.[2] Thus, the court must order payment unless it finds that plaintiffs' position was substantially justified or other circumstances would make an award unjust.

A discovery response or objection is not necessarily unjustified just because it is ultimately rejected. In other words, simply because a motion to compel is granted, that does not mean that the position taken by the objecting party was not substantially justified. Rather, "[a] nondisclosure, response, or objection is substantially justified if it is justified to a degree that could satisfy a reasonable person or where reasonable people could differ as to the appropriateness of the nondisclosure, response, or objection."[3]

---

[1] *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007).

[2] Defendants have claimed 49 hours went into their motion to compel, for a total of $18,798.50. *See* doc. 198.

[3] *Wooten v. Certainteed Corp.*, No. 08-2508, 2009 WL 2407715, at *2 (D. Kan. Aug. 4, 2009) (quoting *Hamner v. Assoc. Wholesale Grocers, Inc.*, No. 07-2314, 2008 WL 917900, at *2 (D. Kan. Mar. 31, 2008)) (internal citations and quotations omitted).

The discovery requests that were the subject of defendants' motion to compel generally sought documents reflecting several named plaintiffs' personal financial planning as well as information on jobs worked and benefits earned after plaintiffs left defendants' companies. Defendants claimed this information was relevant to plaintiffs' claims of detrimental reliance on alleged promises of lifetime benefits after retirement.[4]

Plaintiffs objected that these requests were irrelevant, would compromise plaintiffs' privacy and be contrary to public policy, and that if any production was compelled, it should be deferred until a later stage of the case.[5] Plaintiffs specifically argued that the production of any tax returns was not appropriate because a heightened showing of relevance and need was a prerequisite to the discovery to the extent it included tax returns, and defendants had not made an adequate showing in that regard.[6]

Plaintiffs now argue that their objections to producing the discovery at issue was substantially justified because "they reasonably believed that their privacy interests offset the at best marginal and attenuated relevance of the requested documents, particularly given the numerous, less invasive avenues available to defendants to develop evidence based on financial circumstances."[7] In consideration of both these arguments and the arguments made

---

[4]Doc. 197 at 1–2.

[5]Doc. 197 at 2–3.

[6]Doc. 197 at 7.

[7]Doc. 200 at 6.

in the original briefing on the motion to compel, the undersigned concludes that plaintiffs' position was substantially justified, and therefore an award of fees is not appropriate in this instance. That is, plaintiffs' discovery position, although ultimately not accepted by the court, was substantially justified at least in the sense that reasonable people could differ as to the appropriateness of the objection.

To be sure, defendants successfully argued that the subject discovery requests were relevant in this case. But it should be noted they provided no caselaw from either this district or the Tenth Circuit definitively addressing this issue. Given that, the undersigned cannot conclude that plaintiffs' opposition to the discovery requests was unreasonable, especially in light of their concerns that compliance would potentially compromise plaintiffs' privacy and their belief that the information was obtainable by other means.

With regard to plaintiffs' argument that discovery of tax returns in particular required a heightened showing, the undersigned concludes that argument was substantially justified as well. Here again, although the court concluded that the information was relevant to the case, it was reasonable to argue that there had not been an adequate showing that the information sought via tax returns was available elsewhere, and thus was not discoverable under the heightened standard. Given that the court ultimately distinguished the cases cited by plaintiffs for the proposition that tax returns were not relevant, the undersigned recognizes that reasonable people could differ as to the appropriateness of the objection, especially with regard to the claim that defendants had other, less-intrusive means of

obtaining the information they sought (i.e., through deposition testimony).[8]

Accordingly, because plaintiffs' objections were substantially justified, defendants' request for expenses is denied pursuant to Fed. R. Civ. P. 37(a)(5). Each party shall bear their own costs associated with the motion to compel.

IT IS SO ORDERED.

Dated May 16, 2011, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge

---

[8]Although most of plaintiffs' arguments were justified, the undersigned notes that some of the arguments raised by plaintiff were less reasonable than others. In particular, the court notes plaintiffs' cursory and unsupported argument that the discovery requests were merely an attempt to harass them, and plaintiffs' claim that this discovery should not be allowed because defense counsel, in a wholly separate case, failed to use similar information in arguing that case. *See* doc. 197 at 5–6. However, these arguments were little more than tangents to plaintiffs' primary objections, as noted above, and thus overall, plaintiffs' opposition was still substantially justified.