### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM DOUGLAS FULGHUM, et al., Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>EMBARQ CORPORATION, et al.,<br><br>*Defendants.* | Case No. 07-2602-EFM |

### MEMORANDUM AND ORDER

The Court has discretion to sanction a party for failing to comply with a order. In this case, Magistrate Judge O'Hara exercised his discretion and sanctioned Plaintiffs for failing to comply with a previous discovery order. Plaintiffs now seek review of Judge O'Hara's February 24, 2012, and March 27, 2012, Orders asserting that these orders are clearly erroneous and contrary to law (Doc. 350).

### I. Background

Plaintiffs in this lawsuit are retired employees of several different telephone companies. Defendants are the telephone companies, or the companies that acquired the telephone companies, that employed Plaintiffs over a thirty-year period. Plaintiffs bring this class action alleging that Defendants did not have the right to reduce or discontinue medical, prescription-drug, or life

insurance benefits provided to them during their retirement because those benefits were "vested." Plaintiffs seek the restoration of those benefits. Relevant to this motion, during discovery, both parties asked the other side to identify the benefit-plan documents and collective-bargaining agreements that applied to the class members. Both parties filed motions to compel arguing that the other side failed to appropriately respond to their discovery requests.

On November 4, 2011, Magistrate Judge O'Hara issued a ruling on Plaintiffs' Motion to Compel finding that Defendants were in a better position to (1) identify final versions of documents, (2) determine effective dates of benefits plans and agreements, and (3) access electronic databases containing information about each class members' retirement dates and their collective bargaining units. Thus, Judge O'Hara set January 3, 2012 as the deadline for Defendants to identify which benefit-plan documents and collective-bargaining agreements covered each class member.

On November 9, 2011, Judge O'Hara ruled on Defendants' Motion to Compel. With respect to this motion, Defendants asserted that Plaintiffs failed to appropriately answer Interrogatory No. 2 because Plaintiffs had asserted, in part, that "pursuant to Fed. R. Civ. P. 33(d), the answers to this interrogatory may be determined through review of the listed documents, all of which have been produced in this litigation, and can be located by Defendants as readily as Plaintiffs."[1] Plaintiffs also claimed that Defendants possessed and controlled the necessary information. In Judge O'Hara's Order, he determined that Plaintiffs had provided "all currently known information in answering" Defendants' discovery requests, but also determined that Plaintiffs would likely need to supplement their responses after receiving Defendants' discovery responses on January 3. Accordingly, Judge O'Hara ordered Plaintiffs to fully and completely answer Interrogatory No. 2 by January 17, 2012.

---

[1] *See* Doc. 310-1, pp. 55-57. The Court only addresses Interrogatory No. 2 as that interrogatory is the subject of this motion.

Defendants timely provided their interrogatory answers, identifying the plan documents applicable to the approximately fifteen-thousand-member class, and thus complied with Judge O'Hara's Order. On January 17 and January 30, 2012, Plaintiffs provided their supplemental answers to Defendants' interrogatories. A dispute arose over Plaintiffs' answer to Defendants' Interrogatory No. 2, which asked Plaintiffs to identify by group the retirees to which Plaintiffs alleged plan documents applied. In Plaintiffs' response to the interrogatory, they incorporated by reference Defendants' interrogatory response and also asserted that, pursuant to Fed. R. Civ. P. 33(d), the answer to the interrogatory could be determined by reviewing the listed documents. The parties attempted to come to a resolution with respect to Plaintiffs supplementing and providing an appropriate response, but they were unable to do so. Thus, Defendants filed a Motion for Sanctions for Failure to Comply with Court Order.[2]

On February 24, 2012, Judge O'Hara ruled on Defendants' motion and found that Plaintiffs did not provide a complete, final response to Interrogatory No. 2 as the Court previously ordered. Specifically, Judge O'Hara found:

> The court's [November 9, 2011,] order to fully answer Interrogatory No. 2 was unambiguous and did not provide room for the assertion of Rule 33(d) objections. To the extent plaintiffs argue now that the order did not address their previously asserted Rule 33(d) objections or that it did not provide them enough time to fully answer Interrogatory No. 2, they should have sought reconsideration of the order. The time for raising such arguments has long passed. Plaintiffs have presented no viable excuse for failing to comply with the court's order.[3]

---

[2] Plaintiffs only briefly addressed Rule 33(d) in their response to Defendants' motion by arguing that their previous response to Interrogatory No. 2 had invoked this rule, and Judge O'Hara's November 9 Order did not indicate a deficiency with Plaintiffs' approach.

[3] Doc. 318, p. 5.

Because Plaintiffs did not provide a logical explanation as to why they did not comply with the Court's order, Judge O'Hara sanctioned Plaintiffs by precluding Plaintiffs from taking a position in this litigation that was inconsistent with Defendants' document-to-class-member mapping. Judge O'Hara relied upon Fed. R. Civ. P. 37(b)(2)(A) when finding that the sanction was "a measured and reasonable response to plaintiffs' lack of compliance."[4]

Plaintiffs then moved for clarification and reconsideration of the February 24, 2012, Order. On March 27, 2012, Judge O'Hara issued his Order granting in part and denying in part Plaintiffs' motion. Judge O'Hara clarified that his February 24 Order did not bar Plaintiffs from relying on information that Plaintiffs provided with respect to the seventeen named Plaintiffs because the parties previously came to an agreement regarding those Plaintiffs. Judge O'Hara also allowed Plaintiffs to designate SPDs if none were identified on Defendants' mapping. Otherwise, Judge O'Hara denied Plaintiffs' motion and declined to reconsider the form of the sanctions imposed upon Plaintiffs.

Plaintiffs now seek review of Judge O'Hara's February 24, 2012, and March 27, 2012, Orders contending that there was no basis in fact or law for Judge O'Hara to impose a discovery sanction against them.

## II. Standard

Upon objection to a magistrate judge's order on a non dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[5] The district court does not conduct a de novo review when reviewing factual findings, but

---

[4] Doc. 318, pp. 6-7.

[5] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

applies a more deferential standard that requires the moving party to show that the magistrate judge's order is clearly erroneous.[6] In contrast, the "contrary to law" standard permits independent review of legal matters.[7] But because a magistrate judge has broad discretion in resolving non dispositive discovery matters, the Court will affirm the magistrate judge's order unless the entire evidence leaves the Court "with the definite and firm conviction that a mistake has been committed."[8]

### III. Analysis

#### *A. Judge O'Hara's Orders are not Clearly Erroneous*

Plaintiffs first argue that Judge O'Hara's Orders were clearly erroneous because Plaintiffs provided a complete response to the interrogatory. They argue that their interrogatory response appropriately identified information that allowed Defendants to determine which documents applied to which groups of retirees. Plaintiffs also state that this matching procedure was a mechanical process that either side could perform, but Plaintiffs also suggest that Defendants were in a better position than Plaintiffs to perform this process.

The Court disagrees. The interrogatory asked Plaintiffs—not Defendants—to identify the group of retirees who fell within the applicable plan documents. Plaintiffs, therefore, would have that information. Furthermore, if the process is as simple and mechanical as Plaintiffs contend, the Court questions why Plaintiff did not perform the analysis.[9] Plaintiffs do not offer any reasons why

---

[6] *See Burton v. R.J.. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[7] *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007).

[8] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir**.** 1988) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[9] Although the process may have been time-consuming, Plaintiffs could have requested additional time to answer the interrogatory. They did not do so.

Judge O'Hara's ruling is clearly erroneous, but instead assert that their answer was appropriate. Plaintiffs have spent more time arguing over the appropriateness of their interrogatory response than necessary to respond to the request. As Judge O'Hara noted in his Order, "Plaintiffs' answer did not identify the *groups* of retirees to which plaintiffs contend plan documents mapped by defendants apply, nor did it state plaintiffs' contentions as to which extrinsic documents identified by plaintiffs apply to which groups of class members."[10] Judge O'Hara's finding that Plaintiffs failed to adequately answer the interrogatory is not clearly erroneous.

### *B. Judge O'Hara's Orders are not Contrary to Law*

Plaintiffs next argue that Judge O'Hara's Order is contrary to law because Judge O'Hara erred in finding that Plaintiffs could not invoke Fed. R. Civ. P. 33(d) when answering Defendants' interrogatory request.[11] Federal Rule of Civil Procedure 33(d)(1) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. . . .

Plaintiffs argue that Judge O'Hara's determination that his November 9, 2011 Order left no room for Rule 33(d) objections is contrary to law because that Order did not contain an explicit statement

---

[10] Doc. 318, p 5.

[11] Plaintiffs complain about the Rule 33(d) findings contained in Judge O'Hara's February 24, 2012 Order. Arguably, Plaintiffs are out of time to complain about this ruling. Nevertheless, the Court will briefly address Plaintiffs' contentions.

prohibiting Plaintiffs from asserting Rule 33(d).[12] Judge O'Hara's Order, however, directed Plaintiffs to completely and fully answer Interrogatory No. 2. Plaintiffs' Rule 33(d) response to Interrogatory No. 2 was essentially unchanged from their previous response. An explicit statement prohibiting Plaintiffs from asserting Rule 33(d) as a basis for their answer was unnecessary in Judge O'Hara's previous Order.[13] Judge O'Hara required Plaintiffs to fully answer Defendants' interrogatory, and Plaintiffs failed to do. Thus, Judge O'Hara's ruling was not contrary to law, and he appropriately exercised his discretion in sanctioning Plaintiffs.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Review Magistrate Judge's February 24, 2012, and March 27, 2012, Orders (Doc. 350) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of May, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] Plaintiffs also argue that Judge O'Hara erred in "characterizing plaintiffs' conduct as having involved 'Rule 33(d) objections' " because "Rule 33(d) is a means to 'answer' a discovery request; it is not an 'objection.' " The Court rejects Plaintiffs' argument.

[13] It is questionable whether Plaintiffs could even assert Rule 33(d) in their interrogatory response for the reasons set forth in Defendants' briefing. The Court, however, will not address this issue.