**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WILLIAM DOUGLAS FULGHUM, et al.,
individually and on behalf of all others
similarly situated,

        *Plaintiffs,*

  vs.

        Case No. 07-2602

EMBARQ CORPORATION, et al.,

        *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiffs, on behalf of themselves, a certified class, and a certified collective class, brought suit alleging that Defendants' modification and elimination of retirees' medical, prescription drug, and life insurance benefits, violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Ohio, Oregon, and Tennessee's anti-discrimination statutes. On February 24, 2013, the Court issued an Order addressing eleven motions, including four motions for summary judgment, two motions to decertify the class and collective class, and several miscellaneous motions, including several motions to exclude expert testimony.[1]

---

[1] Doc. 407; *Fulghum v. Embarq Corp.*, __ F. Supp. 2d. __, 2013 WL 589611 (D. Kan. Feb. 14, 2013).

-1-

Now, there are ten additional pending motions, including four motions for reconsideration. The Court will address nine of these motions below.[2]

## I.    Procedural Background

The Court will only briefly set forth the pertinent procedural background here. Plaintiffs brought suit in 2007 as a putative class action and brought seven claims against several Defendants. The Court subsequently certified a class, and a sub-class, with respect to several of Plaintiffs' ERISA claims, and it certified a collective class for Plaintiffs' ADEA claim. In Plaintiffs' first claim, pursuant to ERISA section 502(a)(1)(B),[3] seventeen named Plaintiffs and an approximate 15,000-member class assert that the summary plan descriptions (SPDs) in effect when they retired, as well as other written documents and oral representations, give them a contractual right to vested health, prescription drug, and life insurance benefits. Plaintiffs' third claim seeks declaratory relief that they are entitled to the reinstatement of their benefits in the form in which they received them at retirement. The first and third claims are Plaintiffs' contractual vesting claims. On February 14, 2013, the Court issued an Order granting in part and denying in part Defendants' motion for summary judgment on the contractual vesting claims.[4] Specifically, the Court granted summary judgment in Defendant's favor with respect to fifteen of the seventeen named Plaintiffs and approximately 11,000 class members.[5]   Two named

---

[2] Plaintiffs recently filed a Motion to Substitute Party (Doc. 450) that has not been fully briefed. Thus, the Court will not address this motion in this Order.

[3] 29 U.S.C. § 1132(a)(1)(B).

[4] The Court will not set forth the substance of that Order here. *See* Doc. 407; *Fulghum*, 2013 WL 589611.

[5] The Court dismissed approximately 8,136 class members' medical and life insurance benefits claims, 2,388 class members' medical benefit claims, and approximately 566 class members' life insurance benefits claims.

Plaintiffs', James Britt[6] and Donald Clark, and approximately 4,500 class members' contractual vesting claims remain.

In Plaintiffs' second claim, pursuant to ERISA section 502(a)(3),[7] the seventeen named Plaintiffs allege that Defendants breached their fiduciary duty by misrepresenting the terms of the plans by affirmatively telling Plaintiffs, through SPDS, written communications, and oral statements, that their medical and life insurance benefits were lifetime benefits.[8] Plaintiffs also contend that Defendants failed to inform them that their benefits could change. In the Court's February 14, 2013, Order, the Court granted summary judgment in Defendants' favor with respect to fifteen of the seventeen named Plaintiffs. Only two named Plaintiffs', Timothy Dillon and Sue Barnes, breach of fiduciary duty claim remain.

In Plaintiff's fourth claim, they contend that Defendants violated the ADEA when Defendants reduced or eliminated their life, medical, and prescription drug benefits.[9] On December 2, 2008, the Court dismissed the medical and prescription drug benefit portion of the claim.[10] On February 24, 2013, the Court granted summary judgment in Defendants' favor and against the seventeen named Plaintiffs, an additional 750 named individuals, and an approximate 8,000-member collective class on the remaining portion of Plaintiffs' ADEA and state law age discrimination claims.

---

[6] After the Court issued its February 14, 2013 Order, Plaintiffs notified the Court that James Britt died on February 18, 2013. *See* Doc. 438.

[7] 29 U.S.C. § 1132(a)(3).

[8] The Court did not certify a class with respect to this claim. An additional, approximate 920 Plaintiffs filed a separate lawsuit, Case No. 11-2572-EFM-GLR, in which they assert a breach of fiduciary duty claim against Defendants. That case is stayed pending the resolution of this case.

[9] Plaintiffs' fifth, sixth, and seventh claims are identical to the ADEA discrimination claim except they are brought under Ohio's, Oregon's, and Tennessee's age discrimination laws.

[10] Doc. 17; *Fulghum v. Embarq Corp.*, 2008 WL 5109781 (D. Kan. Dec. 2, 2008).

In sum, as of February 14, 2013, (1) all of Plaintiffs' federal and state age discrimination claims were dismissed or had been previously dismissed; (2) fifteen of the seventeen named Plaintiffs' and approximately 11,000 class members' ERISA contractual vesting claims were dismissed, leaving only two of the seventeen named Plaintiffs' and approximately 4,500 class members' contractual vesting claims; and (3) fifteen of the seventeen named Plaintiffs' breach of fiduciary duty claims were dismissed leaving only two named Plaintiffs' breach of fiduciary duty claims.

Over the past several months, the parties have filed additional motions.[11] There are four motions for reconsideration (Docs. 409, 411, 418, and 420), with a related motion to strike a portion of a reply and a motion for leave to file a surreply (Docs. 442, 444); a motion for partial final judgment (Doc. 415); a motion to redefine the class and decertify the class (Doc. 430); and a motion for an extension of time to conduct mediation (Doc. 424).[12] The Court will address these motions in four different sections below.

## II.    Analysis

### A.  Motions for Reconsideration (Docs. 409, 411, 418, 420)

There are four pending motions for reconsideration—two by Plaintiffs and two by Defendants. Plaintiffs bring their motions pursuant to D. Kan. Rule 7.3(b), or in the alternative Fed. R. Civ. P. 59(e) and 60(a). Defendants bring their motions pursuant to Fed. R. Civ. P.

---

[11] As noted above, ten motions have been filed, but the Court will only address nine motions because one motion is not yet ripe.

[12] The Court notes that Plaintiffs and Defendants disagree about every aspect of this case and have filed approximately 500 pages of briefing with regard to these nine motions.

59(e).[13]  District of Kansas Rule 7.3(b) governs motions to reconsider non-dispositive orders and requires that a motion for reconsideration be filed within fourteen days after the Court files its order.   Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment within twenty-eight days after entry of judgment.[14]

The Court will first address Defendants' motions for reconsideration.  As noted above, Defendants bring their motion pursuant to Rule 59(e).  Not surprisingly, the parties disagree over whether the Court's February 14, 2013 Order was a dispositive or non-dispositive order. Plaintiffs argue that it was not a dispositive order because it did not dispose of all claims and all parties.  Thus, Plaintiffs assert that Defendants' motions for reconsideration are untimely because they were not filed within the fourteen-day time period required by D. Kan. Rule 7.3(b) for non-dispositive motions.  Defendants contend that the Court issued a dispositive order, and their motions are timely because they are within the twenty-eight day deadline of Fed. R. Civ. P. 59(e).

In this case, the Court's February 14, 2013 Order was not dispositive.[15]  Although several claims and numerous parties no longer remain in the case, four named Plaintiffs' claims remain.[16]  Indeed, Defendants' motions for reconsideration assert that the Court erred in allowing these four Plaintiffs' claims to remain in the case.  The fact that Defendants complain that the

---

[13] Defendants also state that they bring their motions pursuant to the Court's inherent power to reconsider its Orders.

[14]  Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[15] The Court notes that "[s]ome uncertainty exists with respect to whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3." *Turner v. Nat'l Council of State Bd. of Nursing, Inc.*, 2013 WL 139750, at *1 (D. Kan. Jan. 10, 2013).

[16] In addition, approximately 4,500 class members remain in the case.  There is also Plaintiffs' pending motion for Rule 54(b) certification—which the Court will rule upon in this Order.

Court erred in not dismissing these four Plaintiffs' claims demonstrates that the Court's Order was certainly not dispositive as to those individuals. And the Court has not entered judgment in this case to make Rule 59(e) applicable.[17] Accordingly, the Court's Order was not dispositive, and the Court denies Defendants' motions (Docs. 418, 420) because they are untimely.[18]

With respect to Plaintiffs' motions, under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.[19] In other words, a motion for reconsideration "is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence."[20] A motion for reconsideration is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[21] Plaintiffs do not identify any ground for the Court to reconsider its prior ruling. Thus, the Court denies Plaintiffs' motions (Docs. 409, 411).

### B. Motion for Partial Final Judgment (Doc. 415)

Plaintiffs move for an entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b). They seek a 54(b) certification of the Court's December 2, 2008, and February 14, 2013, Orders.

---

[17] Federal Rule of Civil Procedure 59(e) states that a motion must be filed 28 days after the entry of *judgment*.

[18] Plaintiffs also filed a Motion to Strike Portions of Defendants' Reply (Doc. 442) and a Motion for Leave to File a Sur-Reply (Doc. 444) in relation to one of Defendants' motions for reconsideration. The Court denies Plaintiffs' motions.

[19] D. Kan. Rule 7.3(b).

[20] *Baer v. Daley,* 2013 WL 3013621, at *1 (D. Kan. June 17, 2013).

[21] *Id.*

These rulings include the (1) dismissal of all the federal and state age discrimination claims, (2) dismissal of the contractual vesting claims of fifteen of the seventeen named Plaintiffs and approximately 11,000 class members, and (3) dismissal of the ERISA breach of fiduciary duty claims of fifteen of the seventeen named Plaintiffs.

Pursuant to Rule 54(b), when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[22] In deciding a Rule 54(b) motion, the Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[23] If the Court concludes that certification is appropriate, it must make two express findings: (1) that the judgment is final, and (2) that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[24]

### 1. Finality of the December 2, 2008 and February 14, 2013 Orders

To be final, an order "must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[25] Claims are considered disposed of if they are "distinct and separable from the claims left unresolved."[26] Although there

---

[22] Fed. R. Civ. P. 54(b).

[23] *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (internal quotation marks omitted) (alterations in original).

[24] *See id.*

[25] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotation marks omitted).

[26] *Id.* at 1243.

is no hard-and-fast rule for determining whether claims are separable, "courts should consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible."[27]

### *Age Discrimination Claims (December 2, 2008 and February 14, 2013 Orders)*

With the above principles in mind, the Court finds that both the December 2, 2008 and February 14, 2013 Orders are final orders with respect to the age discrimination claims for purposes of Rule 54(b). The December 2, 2008 Order eliminated a portion of Plaintiffs' age discrimination claims. The February 14, 2013 Order eliminated the remaining portion of Plaintiffs' age discrimination claims. Thus, the federal and state law age discrimination claims have been dismissed for all named Plaintiffs and class members in the collective action as to all types of benefits in dispute. No named Plaintiff or class member can pursue these claims any longer. The age discrimination claims are separate and distinct from the other remaining claims and turn on different legal issues. Accordingly, the Court concludes that the December 2, 2008 and February 14, 2013 Orders satisfy the finality requirement with respect to the age discrimination claims.

### *ERISA Contractual Vesting Claims (February 14, 2013 Order)*

With respect to Plaintiffs' ERISA contractual vesting claims, the Court also finds that its February 14, 2013, ruling constitutes a final order. The fifteen named Plaintiffs and the approximate 11,000 class members, relying on the SPDs that were presented in Defendants' motion for summary judgment no longer have a claim for vested ERISA benefits. The Court found that the SPDs were unambiguous and allowed Defendants to amend or terminate benefits

---

[27] *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 774 (10th Cir. 2010).

at any time. Although two named Plaintiffs and an approximate 4,500 class members still have contractual vesting claims, none of these individuals can or do rely upon the written SPDs that the Court has already concluded are unambiguous and do not allow for a contractual vesting claim. Thus, although there are remaining individuals with the same claims, their claims rely upon entirely different evidence, and their claims are distinct and separable from the Plaintiffs' and class members' claims that the Court dismissed. Accordingly, the Court finds that its February 14, 2013, ruling on fifteen named Plaintiffs' and approximately 11,000 class members' ERISA contractual vesting claims satisfies the finality requirement.

In addition, the Court ruled in the February 14, 2013 Order that Plaintiffs' designated expert, Gail Stygall, could not provide testimony as to whether the SPDs at issue were ambiguous because the Court concluded that an expert was unnecessary to make this determination. Thus, the Court excluded her report and testimony and did not rely upon it. The Court's ruling on this issue presents a legal question as to whether an expert is necessary when interpreting SPDs, and the Court's ruling precludes Ms. Stygall's expert testimony as to the ambiguity of SPDs in this case. Accordingly, the Court concludes that its ruling excluding Gail Stygall's expert testimony is also final for Rule 54(b) purposes.

### *ERISA Breach of Fiduciary Duty Claims (February 14, 2013 Order)*

With respect to Plaintiffs' breach of fiduciary duty claims, the Court ruled in the February 14, 2013 Order that fifteen of the seventeen named Plaintiffs' claims were barred by the statute of limitations. These fifteen Plaintiffs can no longer pursue their claims, and the Court's ruling on the statute of limitations issue is a separate and distinct ruling from the remaining two Plaintiffs' breach of fiduciary duty claim. The Court concludes that its ruling

with respect to these fifteen Plaintiffs' breach of fiduciary duty claim satisfies the finality requirement of Rule 54(b).

**2. Whether a Just Reason for Delaying Review of the December 2, 2008 and February 14, 2013 Orders Exists**

In deciding whether the second requirement for Rule 54(b) certification is satisfied, the Court "must take into account judicial administrative interests as well as the equities involved."[28] In this case, all of the federal and age state discrimination claims have been fully adjudicated by the December 2, 2008 and February 13, 2013 Orders, and these individuals are entitled to prompt appellate review. With respect to the ERISA contractual vesting claims, a significant number of Plaintiffs' and class members' claims have been fully adjudicated, and there does not appear to be a quick resolution to the remaining individual or class members' claims.[29] Appellate review of this Court's February 13, 2013 Order regarding the viability of these Plaintiffs' and class members' contractual vesting claims appears to be the more equitable manner to obtain resolution. Finally, with respect to the breach of fiduciary duty claims, the statute of limitations determination is a legal issue that is entitled to prompt appellate review. Fifteen named Plaintiffs no longer have a breach of fiduciary duty claim, and there is no just reason to delay review as to whether this Court's ruling was proper.

In sum, the Court concludes that the December 2, 2008 Order on Plaintiffs' age discrimination claims and the February 14, 2013 Order on Plaintiffs' age discrimination claims, ERISA contractual vesting claims (and related ruling precluding Plaintiffs' expert testimony),

---

[28] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

[29] The Court notes that the parties assert that a quick adjudication is possible. However, given the nature of the litigation so far in this case, and the parties' inability to agree upon almost every detail, the Court does not believe that a quick adjudication is possible.

and Plaintiffs' breach of fiduciary duty claim satisfies both of the requirements for Rule 54(b) certification. The Court accordingly grants Plaintiffs' Motion for Rule 54(b) Certification (Doc. 415).

### C. Motion to Amend Class Definitions and Decertify Remaining Classes (Doc. 430)

Defendants first request that the Court amend the current class definition to reflect that the Court granted summary judgment in Defendants' favor. The Court finds Defendants' proposal unnecessary because the Court's February 14, 2013 Order makes clear that the Court granted summary judgment against certain Plaintiffs and class members.

Defendants then request that the Court decertify the class, as it is redefined. Defendants refer to the redefined class as the "Remaining Classes."[30] Because the Court will not redefine the class as Defendants request, their argument as to why the "Remaining Classes" should be decertified is largely moot because it addresses the class as it is redefined. Thus, the Court denies Defendants' Motion to Amend Class Definitions and Decertify Remaining Classes. The Court's ruling is again without prejudice, and the Court notes several items of consideration for the parties.

This case has been proceeding for almost six years, and the Court recently granted summary judgment against approximately 11,000 class members. The Court was able to do so because numerous individuals' claims fell under the same or similar language in the SPDs. It would appear that the remaining class members' claims could be determined in a similar manner. However, as previously noted in the Court's February 14, 2013 Order, it was unclear to the Court

---

[30] There are two classes because there is a VEBA sub-class.

how many class members and SPDs remained in the case. Accordingly, the Court denied Defendants' request for decertification based on the changing factual circumstances.

The parties still have not narrowed the issues for the Court. Defendants make the sweeping assertion that class adjudication is impossible due to numerous individualized issues. They assert that there are approximately 78 remaining SPDs and 4,500 class members.[31] Plaintiffs too make the sweeping assertion that class adjudication is possible and that most of the remaining SPDs contain identical or similar language that the Court previously considered and ruled upon.[32] Plaintiffs also contend that the Court can apply its previous ruling with regard to language in SPDs to the language in the remaining SPDs.[33] The parties, however, do not specifically identify how many class members are covered by each SPD, the language in the remaining SPDs (and the similarity or lack of similarity of that language to other SPDs), or whether the language in these SPDs is ambiguous or not.[34] Accordingly, the Court cannot make

---

[31] Defendants assert that they did not previously seek summary judgment on these 4,500 class members' contractual vesting claims because Plaintiffs had failed to comply with the Court's previous discovery order, and there was insufficient time to prepare such complex motions by the dispositive motion deadline of March 2, 2012. The Court notes that this dispositive motion deadline passed long ago, and neither party filed any motion for an extension of time to this deadline.

[32] Plaintiffs contend that the parties are in the position to stipulate to the disposition of many of the remaining class members' claims or that the parties would submit additional summary judgment motions for the Court to rule upon. Both propositions appear unworkable. As previously noted, the parties have agreed upon little, if anything, in this litigation. Thus, stipulation to the disposition of claims seems highly unlikely. With respect to additional summary judgment briefing, as noted above, no party sought extension to the dispositive motion deadline which expired over a year ago.

[33] The Court is unaware of the similarities between the language between the 32 SPDs it previously considered and the remaining approximate 78 SPDs.
        The Court also notes that Plaintiffs obtained, in this Order, a Rule 54(b) certification with respect to the Court's previous ruling on the meaning of the language of the SPDs. The Court, therefore, questions the wisdom of applying the previous ruling to the remaining SPDs while this ruling is on appellate review. It also appears to be a waste of the parties' and the Court's time and resources.

[34] The Court notes that the Tenth Circuit Court of Appeals recently issued an opinion, *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, __ F.3d __, 2013 WL 3389469 (10th Cir. July 9, 2013), in which the court discussed the rigorous requirements of class certification. Although Defendants seek to decertify the class, both parties should be prepared to address the Tenth Circuit's requirements in any subsequent motion to decertify.

a well-informed decision as to the appropriateness of adjudicating the remaining class members'

claims as a class at this time.

## D. Motion to Extend Mediation Deadline (Doc. 424)

Defendants filed a Motion to Extend Mediation Deadline.  This motion is largely moot

because Defendants seek an extension of six weeks from the date this Court rules upon the

parties' pending motions for reconsideration, Plaintiffs' motion for partial final judgment, and

Defendants' motion to decertify.  The Court makes its ruling on those motions in this Order.

Thus, because the Court did not rule upon the extension request until it considered the above

motions, the mediation deadline has already effectively been extended.  Accordingly, the Court

grants Defendants' Motion to Extend Mediation Deadline and sets the mediation deadline for

August 28, 2013.

## III.     Sanctions (Filing Limitations)

The Court has the "inherent power to impose a variety of sanctions to regulate its docket,

promote judicial efficiency and deter frivolous filings."[35]  In this case, the parties have abused

the court process by filing multiple, unnecessarily lengthy motions.  The parties filed four

motions for reconsideration (and approximately 250 pages of briefing) on separate issues of the

Court's February 14, 2013 Order.[36]  With respect to a dispute over whether Defendants included

inappropriate new legal arguments in a reply brief, the parties submitted approximately 60

additional pages of briefing.  The parties disagree over every facet of this case.  Although the

---

[35] *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995).

[36] In one of Defendants' motions for reconsideration, Defendants effectively submitted an entirely new motion for summary judgment on two of the named Plaintiffs' breach of fiduciary duty claims—complete with thirty-four "undisputed material facts."  Plaintiffs, of course, disputed those facts and added fifty-seven additional facts of their own.  A motion for reconsideration is not an appropriate avenue to bring an additional summary judgment motion.

Court appreciates that counsel represents their clients' interest, the parties are not working "to secure the just, speedy, and inexpensive determination" of this action.[37]

As of the date of this Order, the parties are not allowed to file briefs in excess of 30 pages (including factual contentions), absent leave of Court. The Court will only grant an extension to this 30-page limit for good cause, which will not be freely given. Furthermore, a motion for reconsideration of this Order is not encouraged. Should such a motion be filed, it shall be limited to ten pages. The response to that motion also should not exceed ten pages. No reply will be permitted.

**IT IS ACCORDINGLY ORDERED** this 16th day of July, 2013, that Plaintiffs' Motions for Reconsideration (Docs. 409, 411) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Reconsideration (Docs. 418, 420) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Partial Final Judgment Based on Rulings Made in the Court's February 24, 2013 Memorandum and Order and in the Court's December 2, 2008 Memorandum and Order (Doc. 415) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend Class Definition and Decertify (Doc. 430) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Mediation Deadline (Doc. 424) is **GRANTED**. The parties must participate in mediation by August 28, 2013.

---

[37] *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Portions of Defendants' Reply (Doc. 442) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File a Sur-Reply (Doc. 444) is **DENIED**.

**IT IS SO ORDERED**.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE