IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM DOUGLAS FULGHUM, et al.,
individually and on behalf of all others
similarly situated,

    *Plaintiffs,*

vs.

EMBARQ CORPORATION, et al.,

    *Defendants.*

Case No. 07-2602-EFM

**MEMORANDUM AND ORDER**

Plaintiffs filed this ERISA and age discrimination case on December 28, 2007. There are currently several remaining ERISA claims before this Court.[1] Two named Plaintiffs' and several thousand class members' contractual vesting claim remains. In addition, two named Plaintiffs' breach of fiduciary duty claim remains.[2]

The issue currently before the Court is whether Plaintiffs should be allowed to file additional collective bargaining agreement (CBA) exhibits to support Plaintiffs' Cross Motion for Summary Judgment and to support Plaintiffs' Opposition to Defendants' Motion for

---

[1] The Court's dismissal of several claims and numerous Plaintiffs is currently on appeal with the Tenth Circuit Court of Appeals pursuant to a Rule 54(b) motion.

[2] In a related case, *Abbott v. Sprint Nextel*, Case No. 11-2572, approximately 945 Plaintiff retirees, as well as 545 spouses, assert a breach of fiduciary duty claim.

Summary Judgment.[3]  Defendants have filed a Motion for Sanctions (Doc. 508) asserting that Plaintiffs should not be allowed to use the additional exhibits because Plaintiffs are violating several previous court orders.  Plaintiffs contend that they are not violating previous court orders and seek leave from the Court to file the exhibits (Doc. 515).  Because the Court finds that Plaintiffs violated several court orders and improperly asked the Court for leave to file additional CBA exhibits, the Court grants Defendants' motion and denies Plaintiffs' motion.

### I.     Factual and Procedural Background

The Court will set forth only the pertinent factual and procedural history relevant to the two motions currently before the Court.  Plaintiffs and Defendants had several issues regarding discovery in the earlier years of this case.  In the Pretrial Order issued on December 21, 2011, "all discovery was to be completed by December 5, 2011."[4]   At that time, however, the parties were engaged in a discovery dispute regarding certain motions to compel that required Magistrate Judge O'Hara to remain actively involved in the dispute.

The issue between the parties was which party was in the better position to identify documents (benefit-plan documents and CBAs) relevant to the Plaintiffs' and class members' claims.  Judge O'Hara set a January 3, 2012, deadline for Defendants to identify which benefit-plan documents and CBAs were applicable to each class member.  Defendants complied with this order.  Judge O'Hara also set a January 17, 2012, deadline for Plaintiffs to respond to Defendants' identification and fully answer which documents were applicable to each class

---

[3] Plaintiffs' Cross Motion for Summary Judgment is Doc. 505, and Defendants' Motion for Summary Judgment is Doc. 488.  Although these motions are currently pending before the Court, the Court will not decide these motions in this Order.  Instead, the Court only addresses whether Plaintiffs should be allowed to use certain exhibits in support of their arguments in relation to these two motions.

[4] Pretrial Order, Doc. 295, p. 53.

member. Although Plaintiffs provided a response on January 17 and January 30, 2012, a dispute arose over whether Plaintiffs adequately or appropriately responded. The parties could not come to an agreement, and Defendants filed a Motion for Sanctions. As a sanction, Defendants requested that the Court preclude Plaintiffs "from taking a position regarding the plan documents, [summary plan descriptions] SPDs, and collective bargaining agreements ("CBAs") applicable to the vesting claims of specific plaintiffs and class members that is inconsistent with the position set forth in Defendants' Second Supplemental Responses."[5]

On February 24, 2012, Judge O'Hara granted this motion, finding that Plaintiffs did not provide a complete and final response as the Court had previously ordered. Because Judge O'Hara also found that Plaintiffs did not provide a "viable excuse" as to why they did not comply with the Court's order, he sanctioned Plaintiffs by precluding them from taking a position in this litigation that was inconsistent with Defendants' document-to-class-member mapping.

Plaintiffs requested reconsideration and clarification of this order, seeking clarification that the February 24, 2012, order did not "bar Plaintiffs from identifying and introducing, documents for any retiree for whom Defendants did not designate any plan document, SPD or CBA" in their mapping.[6] On March 27, 2012, Judge O'Hara granted in part and denied in part Plaintiffs' motion. In this order, he clarified that his February 24 order did not bar Plaintiffs from relying upon information that Plaintiffs had provided with respect to the seventeen named Plaintiffs. Judge O'Hara also allowed Plaintiffs to designate summary plan descriptions (SPDs) if none were identified on Defendants' mapping. He directed Plaintiffs to make any SPD

---

[5] Doc. 310, p. 1.

[6] Doc. 336.

designations by April 11, 2012. Judge O'Hara's order did not discuss or specifically allow Plaintiffs to make any CBA designations. And although Plaintiffs asked Judge O'Hara to reconsider the form of the sanction by allowing them to produce a full mapping of all plan documents, SPDs, and CBAs, Judge O'Hara declined to reconsider the form of sanctions already imposed.

Plaintiffs then sought review of Judge O'Hara's two orders from the undersigned. That request was denied on May 24, 2012, finding that Judge O'Hara's rulings were not clearly erroneous or contrary to law. Thus, the Court upheld the sanctions against Plaintiffs.

The case then went through extensive summary judgment briefing as to why Plaintiffs' and class members' ERISA claims failed or did not fail.[7] At the time of that briefing, the parties relied upon SPDs for the class members' ERISA vesting claims. In the Court's February 14, 2013, order, the Court noted that Plaintiffs and class members could not take a position inconsistent with Defendants' identification of the SPDs applicable to the selected class members. Two of the seventeen named Plaintiffs relied upon CBAs, as well as SPDs, for support that that they had a claim for vested benefits under ERISA.[8] Ultimately, the Court entered summary judgment in favor of Defendants on thousands of class members' contractual vesting ERISA claim and fifteen of the named Plaintiffs. The Court did not grant summary judgment in Defendants' favor as to two named Plaintiffs because it found that on the record

---

[7] Plaintiffs' and class members' age discrimination claims are not relevant to this discussion.

[8] These two CBAs were at issue during the original summary judgment briefing because the parties brought up these CBAs governing these two named Plaintiffs. Plaintiffs did not assert that the Court should consider CBAs with regard to numerous class members' contractual vesting claims and only asserted this proposition on a motion for reconsideration. *See* Docs. 409, 410. The Court denied their request, and the Court's ruling on Plaintiffs' motion for reconsideration is currently an issue on appeal with the Tenth Circuit.

before the Court there were issues of fact as to the CBAs in conjunction with the SPDs governing these two named Plaintiffs.[9]

In addition, this February 14, 2013, order addressed Defendants' Motion to Decertify the Class Action. The Court denied Defendants' motion noting that the posture of the case had significantly changed since Defendants had filed their motion, and several issues precluded the Court from making a decision on the decertification motion. Those issues included the uncertainty as to how many class members remained in the action and how many SPDs remained at issue. The Court also noted that Judge O'Hara's sanction order limited the universe of documents that the remaining class members could rely upon. Specifically, the Court stated that due to Judge O'Hara's sanction order, "the remaining class members cannot identify additional CBAs or documents relevant to their claim of contractual vesting and are bound to the documents Defendants identified."[10]

In September 2013, pursuant to Fed. R. Civ. P. 54(b), Plaintiffs appealed to the Tenth Circuit, and this appeal remains pending. In February and March 2014, the Court held several telephone conferences with the parties in an effort to determine the status of the case still before it and the best way to proceed in resolving the remaining issues. On March 20, 2014, pursuant to the Court's direction, the parties submitted a "Proposed Supplemental Case Management Order and Report of Parties' Positions Regarding Plaintiff's Proposed Additional Document Discovery."

---

[9] Defendants and Plaintiffs currently have additional pending summary judgment motions addressing these two Plaintiffs. *See* Docs. 495, 505.

[10] Doc. 407, p. 47.

In this document, the parties expressed their positions regarding whether Plaintiffs "should be allowed to conduct additional document discovery, through Rule 45 document subpoenas or informal document requests, to obtain additional collective bargaining agreements ("CBAs") applicable to class members."[11] Plaintiffs wanted to obtain additional CBAs while Defendants believed that previous orders issued by the Court precluded additional discovery. On March 25, 2014, the Court entered the Supplemental Case Management Order and stated that "[u]pon consideration of the Parties' Proposed Case Management Order and Report of Parties' Position Regarding Plaintiffs' Proposed Additional Document Discovery, Plaintiffs shall not be allowed to serve the Additional Discovery described therein."[12]

In June, the parties exchanged correspondence regarding Plaintiffs' intent to include additional CBAs, not previously identified by Defendants, in conjunction with briefing on summary judgment motions. Plaintiffs had obtained CBAs, "on an informal basis" over the past several months, and Plaintiffs asked Defendants to agree to the use of these CBAs.[13] Defendants objected to the inclusion of the CBAs asserting that Plaintiffs' use of the CBAs would violate previous orders issued by the Court.

Currently, there are two pending summary judgment motions before the Court relevant to this discovery dispute. These motions include Defendants' Motion for Summary Judgment on the Unadjudicated Contractual Vesting Claims of Additional Unionized Class Members and Plaintiffs' Cross Motion for Summary Judgment on Liability on Contractual Vesting Claims of Unionized Class Members. Defendants seek summary judgment in their favor and assert that

---

[11] Doc. 480, pp. 1-2.

[12] Doc. 482, p. 2, ¶ 4.

[13] Doc. 509-3, p. 1.

these class members' contractual vesting claims fail as a matter of law. In Defendants' motion, they discuss the language in approximately seventy-one SPDs and approximately thirty-four CBAs. With regard to the thirty-four CBAs, the parties agree that Defendants previously identified the CBAs in their document-to-class-member mapping.[14]

On August 13, 2014, Plaintiffs filed their response to Defendants' motion and a cross-motion for summary judgment. Plaintiffs assert that language in these SPDs and CBAs entitle them to vested medical, prescription drug and life insurance benefits. In conjunction with their response and cross-motion, Plaintiffs asserted additional facts regarding an additional approximate forty-eight to fifty-three CBAs that were not previously identified in Defendants' document-to-class member mapping.

The current dispute before the Court is whether Plaintiffs should be allowed to use the approximate fifty CBAs as exhibits to support their arguments. Defendants have filed a Motion for Sanctions asserting that Plaintiffs have violated numerous previous court orders. Defendants request that the Court strike these additional CBA exhibits and all arguments related to these exhibits. In addition, Defendants seek attorney fees. On October 2, 2014, Plaintiffs filed their opposition to Defendants' motion and also filed a Motion for Leave to File Additional CBA exhibits. They ask for leave to file these exhibits and state that they will be prejudiced because disallowance would severely hamper the proof of their claims and ultimately result in a dismissal of claims. The Court addresses these issues below.

---

[14] Defendants claim in their motion and in their opposition to Plaintiffs' cross motion that to the extent that the additional class members base their claims on language in CBAs, Plaintiffs (1) have waived any CBA-based vesting claims, and (2) any CBA-based vesting claims are without merit. The Court is not deciding the waiver issue or the merits issue in this Order. Instead, the Court is simply deciding what documents *may* be relevant to the summary judgment motions.

## II.     Defendants' Motion for Sanctions (Doc. 508)

### *A. Legal Standard*

Pursuant to Fed. R. Civ. P. 16(f)(1)(C), a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(i)-(ii), if a party or its attorney fails to obey a scheduling or other pretrial order." Federal Rule of Civil Procedure 37(b)(2) also allows a court to impose sanctions for a party's failure to comply with a discovery order. One of the sanctions available under Fed. R. Civ. P. 37(b) is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[15] In addition, Fed. R. Civ. P. 37(b)(2)(C) provides that a court may order the disobedient party to pay reasonable expenses, including attorney's fees, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."[16] It is within the district court's discretion to choose the appropriate sanction, but the sanction must be just and related to the particular claim at issue.[17]

### *B. Analysis*

Defendants argue that Plaintiffs obtained the additional CBAs in violation of the Court's Supplemental Case Management Order. In addition, Defendants contend that Plaintiffs mapped 1,482 class members to these CBAs in violation of the Sanctions Orders. Plaintiffs assert three arguments as to why they should be allowed to file these exhibits and why they believe that they did not violate any court orders. The Court will address all three arguments.

---

[15] Fed. R. Civ. P. 37(b)(2)(A)(ii).

[16] Fed. R. Civ. P. 37(b)(2)(C). *See also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) ("Rule 37(b)[(2)(C)] requires the district court ordinarily to order a party that has failed to obey a discovery order to pay the reasonable expenses, including attorney's fees, caused by the failure.") (quotation marks omitted).

[17] *Centennial*, 688 F.3d at 678; *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

First, Plaintiffs argue that preclusion of these additional CBAs effectively operates as a dismissal of the class members' contractual vesting claims. This statement is not true. Although these class members cannot rely upon these CBAs for their claim, they can rely upon the designated SPDs. If these class members were previously included in Defendants' mapping, then they can rely upon that SPD. In addition, Judge O'Hara allowed Plaintiffs to designate an SPD if no SPD was identified. Thus, each class member has an SPD to rely upon for their claim, and the Court finds that the preclusion of these CBAs does not operate as a dismissal of their claims.[18]

Plaintiffs next contend that without the use of these CBAs, the Court will have to rely upon secondary evidence to establish the contents of these CBA, which would impose undue burden on the parties and the Court. Again, Plaintiffs are incorrect. Plaintiffs cannot introduce evidence of these CBAs. The previous sanction orders limited the documents that Plaintiffs could rely upon for their claims. Thus, Plaintiffs cannot use secondary means in an attempt to introduce the primary evidence that the Court disallowed.

Finally, Plaintiffs assert that the previous orders issued by the Court were ambiguous and thus should not be enforced against Plaintiffs. With regard to the previous sanctions orders, Plaintiffs first assert that Judge O'Hara's sanction orders only apply to items previously produced in discovery and does not apply to CBAs informally obtained two years later. Plaintiffs' argument is nonsensical, and it would render the previous sanctions orders null and void. As noted above, discovery closed in the case on December 5, 2011, but Judge O'Hara

---

[18] The sanction orders precluding the use of additional CBAs occurred in 2012, and Plaintiffs have never made the argument that these sanctions effectively operate as a dismissal of their claims. Indeed, there is a dispute between the parties as to whether Plaintiffs ever contemplated making an independent contractual vesting claim under CBAs. Again, the Court will not decide this issue in this Order.

remained actively involved in a discovery dispute over the identification of documents relevant to Plaintiffs' and class members' claims. These documents included CBAs. Furthermore, Plaintiffs requested on a motion for reconsideration that the Court allow them to designate CBAs for class members for whom no document was identified and also asked the Court to allow Plaintiffs to provide a full mapping of all plan documents, SPDs, and CBAs. The Court rejected Plaintiffs' request.[19] Had Plaintiffs believed that Judge O'Hara overlooked their request to map CBAs to specific class members, they should have requested reconsideration of Judge O'Hara's second order. Plaintiffs cannot identify almost fifty additional CBAs over two and one-half years from an Order that precluded Plaintiffs from identifying additional CBAs.[20]

Plaintiffs also assert that the Court's March 25, 2014, Supplemental Case Management Order is ambiguous. In this Order, the Court stated that "[u]pon consideration of the Parties' Submittal of Proposed Case Management Order and Report of Parties' Positions Regarding Plaintiffs' Proposed Additional Document Discovery, Plaintiffs shall not be allowed to serve the Additional Discovery described therein."[21] Plaintiffs assert the specious argument that they complied with the Order because they did not " 'serve' any discovery on the third-party CBA sources."[22] Instead, Plaintiffs contend that they obtained the CBAs on an informal basis. However, the "additional discovery" as described in the parties' submittal stated that the parties

---

[19] Judge O'Hara allowed Plaintiffs to designate SPDs, but Plaintiffs were required to do so by April 11, 2012.

[20] The Court also notes that its February 14, 2013, Order stated that Judge O'Hara's sanction order had limited the universe of documents and that "the remaining class members *cannot identify additional CBAs or documents relevant to their claim of contractual vesting and are bound to the documents Defendants identified.*" Doc. 407, p. 47 (emphasis added).

[21] Doc. 482.

[22] Doc. 517, p. 4. Plaintiffs spend almost three pages in briefing this contention.

disagreed "whether Plaintiffs should be allowed to conduct additional document discovery, through Rule 45 document subpoenas or *informal document requests*, to obtain additional collective bargaining agreements ("CBAs") applicable to class members (the "Additional Discovery").[23] Thus, it appears to the Court that the "additional discovery" encompassed informal document requests, and the Court denied Plaintiffs' request to serve additional discovery. Accordingly, the Court finds that its previous orders were unambiguous that Plaintiffs were prohibited from obtaining (by any manner), identifying, and relying upon additional CBAs relevant to their contractual vesting claim.

Because the Court finds that Plaintiffs violated several previous orders, the question remains as to the appropriate sanction. First, the Court precludes Plaintiffs from relying upon any of these additional CBAs, and they will be stricken from the record. These exhibits include E-1 to E-3 and E-35 through E-84, contained in ECF Docs. 497 through 501. This sanction is specifically contemplated in Fed. R. Civ. P. 37(b)(2)(A)(ii).[24] This result is unsurprising as it simply upholds earlier orders prohibiting Plaintiffs from identifying additional CBAs. In addition, Plaintiffs' arguments as to these additional CBAs in both their response to Defendants' Motion for Summary Judgment and in their Cross Motion for Summary Judgment are also stricken.

In addition, the Court finds that Defendants are entitled to recover their reasonable attorneys' fees and expenses that they have incurred in bringing this Motion for Sanctions. Federal Rule of Civil Procedure 37(b)(2)(C) provides that the Court "must order the disobedient

---

[23] Doc. 480, pp. 1-2 (emphasis added).

[24] Fed. R. Civ. P. 37(b)(2)(A)(ii) prohibits the "disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." In this case, Plaintiffs fail to provide substantial justification for not complying with the Court's February 24, 2012; March 27, 2012; May 24, 2012; and March 25, 2014 Orders. Plaintiffs went around several court orders to obtain "on an informal basis" the very items the Court precluded them from obtaining and identifying. In addition, the Court does not find any circumstances that would make the award of fees and expenses unjust. Accordingly, the Court instructs Defendants to file, within fourteen days of this Order, a pleading that sets forth the amount of expenses and fees it seeks to recover, and an affidavit itemizing theses expenses and fees.[25] Within fourteen days thereafter, Plaintiffs may respond to that submission. In sum, the Court grants in part Defendants' Motion for Sanctions.

### III. Plaintiffs' Motion for Leave to File Additional CBA Exhibits (Doc. 515)

Plaintiffs filed this motion seeking leave to file the additional CBA exhibits and state that they "recognize that this issue is not without controversy and that it is appropriate to file a motion seeking leave to present the additional CBAs they obtained. Plaintiffs apologize for not having done this previously and are simultaneously filing such a Motion."[26] Plaintiffs' motion is denied for the numerous reasons set forth above as to why it is inappropriate for Plaintiffs to obtain, identify, and rely upon these exhibits. In addition, Plaintiffs' motion for leave to file additional exhibits is procedurally improper. Plaintiffs filed this motion almost two months after

---

[25] Defendants are entitled to attorneys' fees and expenses in connection with the bringing of the Motion for Sanctions. The Court, however, does not authorize attorneys' fees and expenses for Defendants' time in connection to the motions for summary judgment in relation to rebutting Plaintiffs' arguments based on the unauthorized CBA exhibits.

[26] Doc. 517, p. 5.

they had already filed the additional CBAs with this Court.  Thus, Plaintiffs did not comply with D. Kan. Rule 15.1.[27]  Had Plaintiffs properly filed a motion for leave prior to filing the exhibits, Defendants could have addressed the issue instead of having to file a Motion for Sanctions and having to respond to Plaintiffs' arguments regarding these CBAs in the motions for summary judgment.  Accordingly, Plaintiffs' motion is denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions for Violations of Court Orders (Doc. 508) is **GRANTED IN PART**.  Plaintiffs' Exhibits E-1 to E-3 and E-35 through E-84, contained in ECF Docs. 497 through 501 are stricken from the record.  In addition, Plaintiffs' arguments relating to these exhibits are also stricken. Defendants are also entitled to an award of expenses and reasonable attorneys' fees related to the filing of their Motion for Sanctions.  Within fourteen days of this Order, Defendants shall submit an affidavit of time and expenses incurred upon the filing of this motion.  Within fourteen days after Defendants' submission, Plaintiffs may submit a response.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Additional CBA Exhibits (Doc. 515) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2014.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[27] Pursuant to D. Kan. Rule 15.1, when a party may not file a document as a matter of right, the party must file a motion for leave to file the document, with the proposed document attached to the motion for leave. Only *after* the Court grants the motion for leave may a party file the proposed document.